UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR SANDOVAL,

       Petitioner,

v.                               Case No. 2:12-cv-10290
                                    Honorable Nancy G. Edmunds

C. WALTON,

       Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Petitioner, Hector

Sandoval, a federal prisoner who is currently confined at the Federal Correctional Institution

in Milan, Michigan, filed this habeas petition seeking relief from his federal criminal

sentence.  Because Sandoval is challenging the validity of his sentence, the Court finds

that he has improperly brought this action under section 2241 and therefore, his petition

must be dismissed.

## I.  BACKGROUND

On February 18, 1999, Sandoval was indicted by a federal grand jury in the United

States District Court for the Central District of Illinois with (1) kidnapping, in violation of 18

U.S.C. § 1201(a)(1), and, (2) carrying a firearm in connection with the kidnapping, in

violation of 18 U.S.C. § 924(c)(1)(A).  He entered a plea of not guilty.  On June 11, 2002,

the Government filed a Notice of Enhancement, notifying the court and Sandoval that he

was subject to a mandatory consecutive penalty of imprisonment of at least ten years, 18

U.S.C. § 924(c)(1)(B)(i).

After a trial on August 28, 2002, a jury convicted Sandoval on both counts. On December 13, 2002, he was sentenced to a 121-month term of imprisonment on the kidnapping conviction and a 120-month consecutive term of imprisonment on the firearm conviction.

Sandoval appealed his convictions and sentences, which were denied. *United States v. Sandoval*, 347 F.3d 627 (7th Cir. 2003). He then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which also was denied. *Sandoval v. United States*, No. 04-cv-4056, 2007 WL 2937124 (C.D. Ill. Sept. 26, 2007). The Illinois District Court also denied him a certificate of appealability. *Sandoval v. United States*, No. 04-4056, 2007 WL 4404179 (C.D. Ill. Dec. 17, 2007). The Seventh Circuit affirmed the court's decision denying his motion to vacate. *Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009).

In his current petition for habeas relief, Sandoval asserts he is entitled to relief under 28 U.S.C. § 2241 due to a change in the law and his actual innocence. Sandoval argues that, because the version of 18 U.S.C. § 924(c) in effect in 1997, when the crimes occurred, did not provide a consecutive ten-year sentence for carrying a weapon, he should be released from custody. He asserts that it was not until November 1998, that Congress amended that statute to provide for a ten-year consecutive term of imprisonment under section 924(c), which should not apply to him. He states that he has already served the 121-month term imposed on the kidnapping conviction.

## II.  DISCUSSION

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under section 2241.  See Rule 1(b), Rules Governing Section 2254 Cases.  After undertaking a Rule 4 review of the petition, the Court finds that summary dismissal is appropriate.

Sandoval brings this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal prisoner's claims that his conviction and sentence were imposed in violation of the federal constitution or federal law.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F.App'x 587, 588 (6th Cir. 2003) (same) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).  A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under section 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence.  *Id.* at 758.

The burden of showing that the remedy afforded under section 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden.  *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).  The remedy afforded under section 2255 is

3

not considered inadequate or ineffective simply because section 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under section 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756.

Sandoval has not shown that his remedy under section 2255 is inadequate or ineffective. The Court notes that section 2255 allows a defendant to bring a second or successive motion based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. *Charles*, 180 F.3d at 758.

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found section 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim for actual innocence. *See Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894 (same). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Sandoval has made no such showing. His conclusory allegations of innocence are insufficient.

Because Sandoval has not shown that his remedy under section 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal conviction and sentence under section 2241. Moreover, the Court cannot *sua sponte* construe his present habeas

4

petition as a motion to vacate sentence brought under section 2255.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  Accordingly, the Court will dismiss his petition.

## III. CONCLUSION

Based upon the foregoing analysis, the Court concludes that Sandoval is challenging the constitutionality of his federal criminal conviction and sentence in this action and he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.  Accordingly, the Court dismisses the petition.  This dismissal is without prejudice to any relief that he may appropriately seek in the United States District Court for the Central District of Illinois or the United States Court of Appeals for the Seventh Circuit.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under section 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Sandoval need not apply for one with this Court or with the Sixth Circuit before seeking to appeal this decision.

IT IS SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 2, 2012



I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

6